UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON SETH PERRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-02305-JPH-MPB |
| J. SNYDER, *et al.* | ) ) ) |
| Defendants. | ) ) |

**ORDER DENYING RENEWED MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Jason Perry, an Indiana inmate, brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that the defendants have failed to protect him from harm inflicted by another inmate. Mr. Perry previously sought a preliminary injunction in the form of an order that he be transferred to protective custody. That motion was denied. Dkt. 164. Mr. Perry appealed that ruling and the Court of Appeals denied his motion to proceed on appeal *in forma pauperis*. *Perry v. Snyder, et al.*, 19-3326 (7th Cir. Mar. 20, 2020). For the following reasons, his renewed motion for a preliminary injunction is **denied**.

**I. Facts**

Mr. Perry's renewed motion for a preliminary injunction relies on many of the same facts and argument as his previous motion. In his second amended complaint (dkt. 47), which is the operative pleading in this case, Mr. Perry asserts that he has been labeled and informant and a snitch. He has requested protective custody because of the risk caused by these labels multiple times. His requests were denied and on February 1, 2017, he was assaulted by his cellmate, who called him a liar and a snitch.

In support of his request for injunctive relief, Mr. Perry again asserts that he has requested protective custody many times, and therefore has made the defendants aware of his safety issues. Dkt. 208, ¶ 3. He contends that he was attacked because of the defendants' failure to investigate his complaints. He also states that he is in segregation, instead of protective custody, where the conditions are harsh, and his privileges and ability to exercise are limited. Dkt. 211-1, p. 11.

## II. Discussion

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). It must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id.* Only if the moving party meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id.* In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id.* Additionally, the Prison Litigation Reform Act states that a preliminary injunction in a civil rights lawsuit brought by a prisoner "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Mr. Perry has failed to meet the threshold requirements for injunctive relief because he has failed to show that he will suffer irreparable harm if a preliminary injunction directing his transfer

to protective custody does not issue. "[H]arm is considered irreparable if it "cannot be prevented or fully rectified by the final judgment after trial." *Whitaker By Whitaker v. Kenosha Unified School District No. 1 Board of Education*, 858 F.3d 1034, 1045 (7th Cir. 2017) (internal citations omitted). Mr. Perry does not allege that he is under any current, specific threat, or that he is being transferred to general population. In fact, he contends that he is being kept in segregation. Thus, the harm that is the subject of this lawsuit – assault by other inmates – is currently being prevented. While he contends that the conditions of his current confinement are harsher than those in protective custody, this does not support his request for injunctive relief. "Prison officials do not violate the Eighth Amendment because the mode of protection they offer does not sit well with a prisoner. Rather, if they offer reasonable protection from the threat, they have done their duty." *Dale v. Poston*, 548 F.2d 563, 570 (7th Cir. 2008). Having failed to show that his placement in segregation does not provide him with the protection he seeks, he has failed to show that he will suffer irreparable harm absent a preliminary injunction.

### III. Conclusion

For the foregoing reasons, Mr. Perry's renewed motion for a preliminary injunction, dkt. [208], is **DENIED**.

**SO ORDERED.**

Date: 4/27/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASON SETH PERRY
138925
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

3

All Electronically Registered Counsel

4