UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON SETH PERRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-02305-JPH-MPB |
| J. SNYDER, et al. | ) ) ) |
| Defendants. | ) |

**Order Denying Motion to Alter or Amend, Motion for Reconsideration, Motion to Show Cause, and Directing Entry of Final Judgment**

Jason Perry, an Indiana inmate, brought this action pursuant to 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to the risk that he would be attacked by another inmate and failed to protect him from attack. In the Order of October 7, 2020, the Court granted the defendants' motion for summary judgment and denied the plaintiff's cross motion. Dkt. 232. The Court further addressed Perry's retaliation claims and directed Perry to show cause why the defendants should not be granted summary judgment on those claims as well. *Id*. Perry has filed a motion to alter or amend judgment and a motion to reconsider. Perry has also filed a motion to show cause why First Amendment claims shall proceed. For the following reasons, each of these motions is denied.

**I. Motion to Alter or Amend and Motion to Reconsider**

The motion to alter or amend the judgment and motion to reconsider were filed before the entry of final judgment. Accordingly, those motions are considered under Federal Rule of Civil Procedure 54(b). That Rule provides that non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Galvan v.*

*Norberg*, 678 F.3d 581, 587 (7th Cir. 2012). "Motions to reconsider serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted).

In support of his requests for reconsideration, Perry argues that the Court erred in finding that the defendants were not deliberately indifferent to a risk of harm to him. To the extent that Perry argues that the Court misconstrued the evidence or misapplied the law, he restates the arguments he submitted in response to the defendants' motion for summary judgment and has not shown that his request for reconsideration should be granted. Perry also argues that the Court should not have relied on an asserted November 2016 waiver of protective custody in ruling on the motion for summary judgment.[1] But the Court did not rely solely on any asserted waiver of protective custody in reaching this conclusion. In fact, the Court explained:

> Here, Perry had made numerous prior requests for protective custody alleging that he had been threatened by other inmates and groups, and that prison medical and food service staff were going to or trying to kill him by poisoning his food and medicine. Prison staff reviewed and responded to Perry's requests and allegations by moving him out of the general population, interviewing Perry, investigating the allegations, and seeking mental health evaluation and treatment. Officials who interviewed Perry about those requests asked him if he had received specific threats, but he did not provide specific information. *See* Dkt. 144-2 at 19 ("While questioning Perry, he kept repeating 'they're going to poison me' or 'staff is going to kill me.'" I asked him who he was referring to. He could not provide any names. By his own admission, offender Perry stated that no one had threatened him since 2009."). Prison staff and investigators were not able to substantiate any of Perry's allegations. *Id.* at 19-20, 34, 38. And nothing in Perry's most recent request for protection regarding inmates Beaver and Miller gave defendants notice that

---

[1] Perry also appears to argue that the Court should not have considered any of the evidence presented by the defendants. But, while Perry did challenge whether he signed a waiver of protective custody in November of 2016, he did not otherwise object to the defendants' evidence and has therefore waived any other objection. *Cf. Klingman v. Nat'l Indem. Co.*, 317 F.2d 850, 854 (7th Cir. 1963).

2

> Funke presented a specific risk to Perry or that an attack was likely to occur. The defendants' responses to Perry's requests were sufficient. *See Giles v. Tobeck*, 895 F.3d 510, 513 (7th Cir. 2018).
>
> The defendants further argue that Perry signed Requests to Leave Self-Lockup and that he agreed to the denial of protective custody in response to his request made in November. Perry argues that this is "not a waiver of protective custody," dkt. 189 ¶ 24, and that he never signed a waiver of protective custody. As discussed above, however, Perry has not designated evidence showing a nexus between the denial of protective custody in November and the attack in February. There is therefore no evidence to support Perry's claim that the denial of protective custody based on the waiver amounted to deliberate indifference. Moreover, as previously discussed, Perry's other requests for protective custody were investigated and could not be substantiated.
>
> In short, the defendants have shown that they were not deliberately indifferent to any risk to Perry. There is no evidence that they were aware of a specific threat from the inmate who assaulted Perry. In addition, prison officials responded to Perry's requests for protective custody and allegations of threats. And, though his last request was denied based on a waiver Perry contends that he did not sign, the defendants did not have any reason to suspect that it was not Perry's signature on the waiver. Perry has not designated evidence showing that any of the defendants had actual knowledge of grave risk to Perry.

Dkt. 232, p. 16-17. In other words, the Court thoroughly analyzed Perry's claim and concluded that the defendants had sufficiently investigated any alleged threats to Perry and concluded that there was not a sufficient connection between any threats that Perry had asserted and the February 2017 attack on him. Perry has failed to show that the Court erred in concluding that the defendants were not deliberately indifferent to the risk of harm.

## II. Motion to Show Cause Why First Amendment Claim Should Proceed

Perry was also directed to show cause why the defendants should not be granted summary judgment on his retaliation claims. Dkt. 232. The Court explained that it had not specifically identified a retaliation claim in its screening order, but went on to discuss whether, at the summary judgment stage, Perry had presented evidence to support that claim. Finding that he did not, consistent with Rule 56(f)(1) of the Federal Rules of Civil Procedure, the Court gave Perry the opportunity to do so. Perry has responded arguing that he properly stated a First Amendment claim

3

in his complaint. But he does not address the Court's analysis of that claim or provide evidence to support it. Mr. Perry has failed to show that the defendants are not entitled to summary judgment on his retaliation claim. Accordingly, consistent with its October 7, 2020, Order, the Court now finds that the defendants are entitled to summary judgment on Perry's retaliation claims.

### III. Conclusion

For the foregoing reasons, the motion to alter or amend, [233], motion for reconsideration, dkt. [234], motion to show cause why First Amendment shall proceed, dkt. [236], and motion to supplement, dkt. [241], are each **denied**. Summary judgment is granted in favor of the defendants on Perry's retaliation claim. All claims against all defendants have been resolved. Final judgment consistent with this Order and the Order of October 7, 2020, shall now issue.

**SO ORDERED.**

Date: 12/16/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASON SETH PERRY
138925
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

All Electronically Registered Counsel